Filed 4/27/22  P. v. Reyes CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BENITO REYES,<br><br>    Defendant and Appellant. | G060262<br><br>(Super. Ct. No. 05NF3894)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant and a friend confronted an armed security guard. Defendant drew a gun and fired at the security guard. The security guard returned fire, ultimately killing defendant's friend. Defendant was convicted of attempted murder of the security guard, murder of his friend, and active participation in a criminal street gang. The jury made special findings that the attempted murder was for the benefit of a criminal street gang and that defendant personally discharged a firearm. As relevant here, the two theories of murder the prosecution presented were natural and probable consequences and provocative act murder. The court sentenced him to 52 years to life in prison. We affirmed that conviction in a prior appeal. (*People v. Reyes* (Dec. 8, 2009, G040778) [nonpub. opn.])

This is an appeal from the denial of a Penal Code section 1170.95 petition for resentencing, which the court denied at the prima facie stage.[1] There are two issues on appeal. The first is whether the provocative act theory of murder liability survived the changes to sections 188 and 189. We concluded it did. The second issue is whether the court erred in denying the petition at the prima facie stage since the jury was, in fact, instructed on a natural and probable consequences theory. Based on the jury's finding of malice (attempted murder), as well as its special finding that defendant personally discharged a firearm, we conclude the jury necessarily made all of the findings required of the provocative act theory, and thus defendant was convicted based on a presently valid theory of murder liability. Accordingly, we affirm.

---

[1]     All statutory references are to the Penal Code.

Defendant was an active member of a criminal street gang.  Defendant shot at a security guard with the intent to kill.  In response, the security guard fired back, killing defendant's friend.

STATEMENT OF THE CASE

In July 2006, defendant was charged by information with three counts.  In count 1, he was charged with attempted murder of the security guard.  (§§ 187, subd. (a); 664, subd. (a).)  In count 2, he was charged with murder of his friend.  (§ 187, subd. (a).)  In count 3, he was charged with active participation in a criminal street gang (i.e. street terrorism).  (§ 186.22, subd. (a).)  As to counts 1 and 2, it was alleged that defendant was acting for the benefit of a criminal street gang.  (§ 186.22, subd. (b)(1)(C).)  As to count 1, it was further alleged that defendant personally discharged a firearm.  (§ 12022.53,

---

[2]     At the prima facie stage of a proceeding under section 1170.95, we are limited to the petition itself and the record of conviction in considering whether defendant made a prima facie case for relief.  (*People v. Lewis* (2021) 11 Cal.5th 952, 970-971.)  Although our prior opinion is part of the record of conviction (*Id.* at p. 972), we may not rely on the statement of facts in our prior opinion in deciding the issues raised at a prima facie hearing.  Section 1170.95 makes clear that an appellate opinion is only relevant insofar as it establishes "the procedural history."  (*Id.* at subd. (d)(3).)  Beyond that, "[a] finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."  (*Ibid.*; see *People v. Smith* (2020) 49 Cal.App.5th 85, 96 [trial court erred by relying on facts stated in appellate opinion in denying section 1170.95 petition at the prima facie stage].)  Because a statement of facts on appeal is insufficient to establish any facts at a hearing under section 1170.95, it is necessarily insufficient to establish any facts at the prima facie stage as well.  With these limitations in mind, the relevant facts on appeal are the following.

subd. (c).)  At trial, the jury found defendant guilty on all counts and found both enhancements to be true.

The People presented three theories of murder liability at trial.  The first was direct aiding and abetting.  The remaining two theories were, first, natural and probable consequences, and second, provocative act murder, which we discuss in greater detail below.

Defendant appealed from the judgment.  On appeal from the judgment, we concluded the direct aiding and abetting instruction was erroneous, but we also concluded beyond a reasonable doubt that the jury had not relied on that theory.  We affirmed the judgment.

In January 2019, defendant filed the underlying petition to vacate his murder conviction pursuant to section 1170.95.  Defendant declared that he was convicted of murder and that his conviction was based on a theory of natural and probable consequences.  He further declared that now, he could not be convicted of murder due to the changes made to sections 188 and 189 of the Penal Code.  The People filed a response in which they claimed defendant was ineligible for relief because he was convicted under the provocative act doctrine, which requires proof of malice.

The court ultimately agreed with the People and denied the petition.  It stated, "The court finds that the defendant is not eligible, because although natural and probable consequence theory was used, it's clear from the verdict form that provocative act theory is the only theory that could have been utilized successfully with the findings that were made in this case to result in a guilty verdict . . . ."  Defendant appealed.

DISCUSSION

On appeal, defendant raises two issues.  First, he contends the provocative act doctrine did not survive the changes made to sections 188 and 189, and thus there was

4

no presently valid theory of murder liability presented to the jury. Second, he contends that even if the provocative act doctrine survived, it was improper to decide his petition at the prima facie stage. We review both issues de novo. (*People v. James* (1998) 62 Cal.App.4th 244, 261 [statutory interpretation], *People v. Arias* (2021) 66 Cal.App.5th 987, 997 [sufficiency of prima facie showing].)

1. The Viability of the Provocative Act Doctrine

Defendant contends the provocative act doctrine is incompatible with sections 188 and 189 as amended because it is "a vicarious liability theory of murder" in which "malice is imputed upon the defendant based on his or her commission of the provocative act." Insofar as defendant describes the provocative act doctrine as *imputing* malice, we disagree with that depiction.

"'A provocative act murder case necessarily involves at least three people—in our case, the perpetrator of the underlying offense, an accomplice, and a victim of their crime. [Citation.]' [Citation.] A variation on the law of transferred intent, the provocative act doctrine holds the perpetrator of a violent crime vicariously liable for the killing of an accomplice by a third party, usually the intended victim or a police officer." "Under the provocative act doctrine, when the perpetrator of a crime *maliciously* commits an act that is likely to result in death, and the victim kills in reasonable response to that act, the perpetrator is guilty of murder. 'In such a case, the killing is attributable, not merely to the commission of a felony, but to the intentional act of the defendant or his accomplice committed with conscious disregard for life.' [Citation.] [¶] *A murder conviction under the provocative act doctrine thus requires proof that the defendant personally harbored the mental state of malice*, and either the defendant or an accomplice intentionally committed a provocative act that proximately caused an unlawful killing." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 654-655 (italics

5

added).) Properly understood, therefore, the provocative act doctrine does not impute malice. Rather, the defendant must personally harbor malice.[3]

This understanding defeats defendant's argument. The changes to sections 188 and 189, which were part of Senate Bill No. 1437(2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, §§ 2 and 3.; Senate Bill 1437), focused on the mens rea of murder. (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 868 (*Mancilla*).) The fundamental flaw of the natural and probable consequences doctrine was that it permitted a conviction of murder without malice. (*People v. Gentile* (2020) 10 Cal.5th 830, 847.) It thus fell afoul of the basic definition of murder, which is "the unlawful killing of a human being . . . *with malice aforethought*." (§ 187, subd. (a) (italics added); see *Gentile*,supra, at p. 847.) To eliminate the natural and probable consequences doctrine, the Legislature added the following language to section 188, subdivision (a)(3): "Malice shall not be imputed to a person based solely on his or her participation in a crime." This change had no effect on the provocative act doctrine, however, because, as we have seen, that doctrine requires the defendant to personally harbor malice.

Accordingly, we conclude the provocative act doctrine survived Senate Bill 1437. Our conclusion is consistent with every court of appeal to consider the issue, all of which conclude the provocative act doctrine continues to be viable. (*People v. Johnson*

---

[3] Defendant cites *People v. Reed* (1969) 270 Cal.App.2d 37, 45, which said that the provocative act doctrine "imputes malice" onto a non-killer. This is — and was — an incorrect statement of the law. Even as early as 1965, our high court had made clear that provocative act murder required malice: "[W]hen the defendant intends to kill or intentionally commits acts that are likely to kill with a conscious disregard for life, he is guilty of murder even though he uses another person to accomplish his objective. [Citations.] [¶] Defendants who initiate gun battles may also be found guilty of murder if their victims resist and kill. Under such circumstances, 'the defendant for a base, antisocial motive and with wanton disregard for human life, does an act that involves a high degree of probability that it will result in death' [citation], *and it is unnecessary to imply malice* by invoking the felony-murder doctrine." (*People v. Washington* (1965) 62 Cal.2d 777, 782 (italics added).)

(2020) 57 Cal.App.5th 257; *People v. Lee* (2020) 49 Cal.App.5th 254; *People v. Swanson* (2020) 57 Cal.App.5th 604 (*Swanson*); *People v. Mancilla, supra,* 67 Cal.App.5th 854.)[4]

2.  The Jury Necessarily Found Defendant Liable Under the Provocative Act Doctrine

Defendant's final contention is that even if the provocative act doctrine survived Senate Bill 1437, the court erred in denying his petition at the prima facie stage because the jury was also instructed on a natural and probable consequences theory of liability.  Notwithstanding the instruction on natural and probable consequences, however, a court may deny an 1170.95 petition at the prima facie stage if the jury's findings show it necessarily found defendant guilty on a presently valid theory of murder liability.  (*People v. Price* (2021) 71 Cal.App.5th 1128, 1151 [1170.95 hearing is limited to "still valid murder theories that the jury did not necessarily previously decide."  "The evidentiary hearing does not mean the Legislature intended to allow the parties to reopen and retry matters of fact that the jury already resolved."]; see also *People v. Farfan* (2021) 71 Cal.App.5th 942, 956-957 [despite jury instruction on natural and probable consequences, jury's other findings indicated defendant harbored malice and was thus

---

[4]    Because we reject defendant's premise that the provocative act doctrine imputes malice, we necessarily reject his Equal Protection argument, which pits defendants convicted of a natural and probable consequences murder who go free against those convicted of a provocative act murder who do not.  The argument relies on the premise that both sorts of defendants are guilty on a theory of imputed malice and thus are similarly situated.  Rejecting the same argument, the *Mancilla* court explained, "the People must prove a defendant personally acted with implied malice to be convicted of provocative act murder.  In contrast, murder under the natural and probable consequences doctrine required no proof of malice.  [Citation.]  Given the express intent of Senate Bill 1437 'to more equitably sentence offenders in accordance with their involvement in homicides' [Citations], offenders who acted with malice and those who did not are not similarly situated for purposes of section 1170.95."  (*Mancilla, supra,* 67 Cal.App.5th at p. 870.)

ineligible for relief under § 1170.95].)  Here, we conclude the jury did just that by basing defendant's conviction on the provocative act doctrine.

The provocative act instruction given to the jury required the following findings:

"1.  In attempting to commit murder, the defendant intentionally did a provocative act;

"2.  The defendant knew that the natural and probable consequences of the provocative act were dangerous to human life and then acted with conscious disregard for life;

"3.  In response to the defendant's provocative act, [the security guard] killed [defendant's friend]; [¶]  AND

"4.  [Defendant's friend's] death was the natural and probable consequence of defendant's provocative act."  The jury was instructed that "[t]he People alleged that defendant committed the following provocative act:  shooting at [the security guard]."[5]

---

[5]  As the reader will no doubt notice, the instruction for provocative act murder contains the words "natural and probable consequences."  Defendant thus makes the argument that provocative act murder is a "subset" of the natural and probable consequences theory and, therefore, was eliminated with the natural and probable consequences theory.  That cannot possibly be the case, however, because the provocative act doctrine requires an extra element:  malice.  Consequently, it is not a subset.  As the *Swanson* court explained in rejecting a similar argument, in this context "natural and probable consequences" simply expresses the concept of proximate causation:  "[I]n any provocative act case, where by definition an intermediary's act killed the victim, an important question will be whether the defendant's conduct proximately caused the death.  [Citation.]  The Court's analysis of proximate cause in terms of foreseeability of the natural and probable consequences of the defendant's malicious conduct does not somehow bring a provocative act killing within the malice-free natural and probable consequences doctrine."  (*Swanson, supra,* 57 Cal.App.5th at p. 614.)

8

As to the first element, the jury found that in attempting to murder the security guard, the defendant personally discharged a firearm, which was the alleged provocative act. It thus made a finding satisfying the first element.

As to the second element, the jury found defendant acted with conscious disregard for human life because it held him liable for attempted murder, which required a finding of intent to kill. By firing a weapon with the intent to kill, defendant plainly knew that it could kill. The jury thus made a finding that satisfies the second element.

We can be certain the jury found the third element to be true through a process of deduction. There were only two theories of murder liability the jury might have relied on: provocative act and natural and probable consequences. The instructions on natural and probable consequence required the jury to find "a reasonable person in the defendant's position would have known that the commission of murder [of defendant's friend] was a natural and probable consequence of the commission of the attempted murder [of the security guard]." This entails a finding that, in response to the attempted murder, the security guard killed defendant's friend. So even without knowing which theory of murder the jury relied on, we know that it found the third element of provocative act murder to be true.

The same deduction can be made as to the fourth element: whichever theory one picks, the jury had to make a finding that defendant's friend's death was a natural and probable consequence of the attempted murder with a gun.

Therefore, based on the record of conviction, the jury necessarily made all findings required to convict defendant under a theory of provocative act murder. Since that theory of murder is presently valid, the court did not err in denying defendant's section 1170.95 petition.

## DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed.


MARKS, J.*

WE CONCUR:


O'LEARY, P. J.


SANCHEZ, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.